UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANCESS OSIDI, *individually and on behalf of all others similarly situated*, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 21-cv-11320-ADB |
| ASSURANCE IQ, LLC, | * * | |
| Defendant. | * * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Francess Osidi ("Plaintiff" or "Named Plaintiff") alleges violations of the Telephone Consumer Protection Act of 1991 ("TCPA") to the detriment of a putative nationwide class of persons who received unsolicited telemarketing calls from Assurance IQ, LLC ("Defendant"). [ECF No. 1]. This action was filed on August 13, 2021. [Id.]. Defendant answered on November 12, 2021. [ECF No. 13]. Defendant argues that it may be able to show that the Named Plaintiff lacks viable claims and, therefore, requests the Court to bifurcate discovery and permit summary judgment briefing on the Named Plaintiff's claims before class discovery. [ECF No. 27 at 6–10]. Plaintiff opposes bifurcation, asserting: (1) that it would prolong litigation, increase costs, and duplicate discovery; (2) that bifurcation would severely disadvantage her more than denying the request would prejudice the Defendant; and (3) that the issues Defendant seeks to address through an individual summary judgment motion should be resolved on a class-wide basis. [Id. at 2–4].

For the reasons explained herein, Defendant's request is **GRANTED** and individual and class discovery are bifurcated.

I.      DISCUSSION

District courts possess "inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Dietz v. Bouldin, 579 U.S. 40, 45 (2016) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962)).  A district court's exercise of its "inherent power must be a 'reasonable response to the problems and needs' confronting the court's fair administration of justice" and "cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." Id. at 46 (quoting Degen v. United States, 517 U.S. 820, 823–24 (1996)).  District courts "enjoy broad discretion in managing the pace of pretrial proceedings, including the timing of discovery." Vineberg v. Bissonnette, 548 F.3d 50, 54 (1st Cir. 2008).  Controlling the scope of discovery is particularly appropriate where discovery will impose considerable expense and the claims may be resolved on issues that require only limited or targeted discovery.  Cf. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007) (emphasizing the requirement of plausibility at the motion to dismiss stage, in part because "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching" summary judgment or trial).  Courts in this district have bifurcated individual merits and class discovery where doing so served the interests of justice given the allegations and circumstances of particular cases.  See L.R. 16.3(a)(3)(B) (noting that a judicial officer may sequence discovery into two or more stages at a case management conference); see also, e.g., Katz v. Liberty Power Corp., LLC, No. 18-cv-10506, 2019 WL 957129 (D. Mass. Feb. 27, 2019) (bifurcating discovery and allowing opportunity for summary judgment motion on individual claims where class discovery is not necessary to address issues potentially dispositive of individual claims and where, if granted, class discovery could be

2

avoided entirely); O'Connell v. Sterling Jewelers, Inc., No. 13-cv-13165 (D. Mass. Dec 4, 2014), ECF No. 61 (denying motion to strike class claims, but allowing merit discovery and summary judgment motions as to named plaintiffs' claims before class discovery); Huzarsky v. Little Kids, Inc., No. 15-cv-13613 (D. Mass. Feb. 22, 2016), ECF No. 22 (allowing summary judgment motions on individual claims before addressing class issues).

     Here, the need for class discovery may be eliminated if Defendant is able to demonstrate that the Named Plaintiff lacks viable individual claims.  See Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001) ("Despite the fact that a case is brought as a putative class action, it ordinarily must be dismissed as moot if no decision on class certification has occurred by the time that the individual claims of all named plaintiffs have been fully resolved.").  But see S. Orange Chiropractic Ctr., LLC v. Cayan LLC, No. 15-cv-13069, 2016 WL 1441791, at *7 (D. Mass. Apr. 12, 2016) (holding that tendering complete relief of named representative's individual claim under Rule 68 did not moot TCPA class claims because they fell within "inherently transitory" exception).  Further, class discovery is not necessary to address certain issues that may be dispositive of Plaintiff's individual claims or ability to bring the asserted class claims, including whether the Named Plaintiff specifically consented to receive telephone calls regarding insurance quotations, whether that request came from the phone number identified in the complaint, and whether the website's consent language was generally compliant with the TCPA.  See [ECF No. 27 at 6–10].  The Court agrees that, in this matter where Defendant has raised potentially dispositive issues, it would be prudent to "test[] the merits of Plaintiff['s] allegations before engaging in costly class discovery."  [Id. at 9].

## II.     CONCLUSION

Accordingly, discovery in this case is <u>BIFURCATED</u>. Discovery relevant to the merits of the Named Plaintiff's individual claims shall conclude by <u>June 1, 2022</u>. Class discovery is stayed until further order by the Court, and the parties shall file a joint letter stating their positions on class discovery by <u>June 10, 2022</u>. Defendant shall file a status report on or before <u>June 10, 2022</u> to inform the Court as to whether it intends to move for summary judgment for some or all of the Named Plaintiff's claims.[1] Defendant may then move for summary judgment with respect to some or all of the Named Plaintiff's claims by <u>July 22, 2022</u>. Plaintiff shall respond to any motion for summary judgment in accordance with the local rules.

**SO ORDERED.**

March 3, 2022                                          /s/ Allison D. Burroughs
                                                       ALLISON D. BURROUGHS
                                                       U.S. DISTRICT JUDGE

---

[1] If Defendant does not move for summary judgment on all class claims, the Court will likely open class discovery as to at least the class claims that will remain regardless of its summary judgment ruling.

4